# BORRELLI & ASSOCIATES
## P.L.L.C.

www.employmentlawyernewyork.com

| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

September 13, 2016

<u>Via Electronic Case Filing</u>
The Honorable Pamela K. Chen
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Chen, et al. v. MG Wholesale Distribution Inc., et al.*
     <u>Docket No. 16-cv-4439 (PKC)</u>

Dear Judge Chen:

  We represent the Defendants, MG Wholesale Distribution Inc. ("MG Wholesale"), "Andy" Zhang, and Xiao Min Yang, (collectively as "Defendants"), in the above-captioned matter. On September 6, 2016, Plaintiff, Yu Sen Chen, filed a letter requesting a pre-motion conference regarding Plaintiff's anticipated motion for conditional certification pursuant to 29 U.S.C. § 216(b). Dkt. 11. While we of course do not object to participating in a conference to discuss the substance of Plaintiff's anticipated motion, we write now to explain why Plaintiff's request to distribute notice is premature and should await determination until after the threshold issue of Plaintiff's exempt status under the Motor Carrier's Act has been litigated. Defendants believe that this issue, combined with the prior settlement that Defendants entered into with the United States Department of Labor ("USDOL"), from which Plaintiff received all unpaid wages for all times prior to when Defendants' began keeping detailed time and pay records, combined with those detailed records from after that settlement to the present, will entirely dispose of Plaintiff's individual FLSA claims, on a summary judgment motion, making the distribution of notice now an unnecessary diversion, as any person who opts-in will ultimately be dismissed. To prevent any prejudice, Defendants do not object to tolling the statute of limitations for the putative opt-in's FLSA claims during that discovery and motion practice.

  As is relevant to Plaintiff's requested motion, on August 9, 2016, Plaintiff filed this lawsuit on behalf of himself and all other similarly-situated individuals alleging, *inter alia*, that Defendants failed to properly pay him according to the overtime and minimum wage provisions

of the Fair Labor Standards Act ("FLSA"). Dkt. 1.  Defendant MG Wholesale is a wholesale distribution business located in Maspeth, New York, that delivers and sells local and out-of-state produce to retailers throughout New York, New Jersey, Connecticut, and Pennsylvania.  In or around June 1996, Plaintiff commenced his employment with Defendants as, by his own candid admission, a "truck loader."  Complaint ("Compl.") ¶ 19.  While conveniently absent from Plaintiff's Complaint, Plaintiff's primary responsibilities were, as the title of "truck loader" would naturally suggest, loading the delivery trucks, which weighed approximately 25,000 pounds, with the produce, travelling on the delivery routes with the truck drivers, unloading the contents of the truck at each delivery stop, and then loading and safely securing returned produce and empty crates onto the truck to bring back to the warehouse in Maspeth.  Plaintiff regularly traveled from New York to New Jersey, Connecticut, and Pennsylvania.  Plaintiff worked in this capacity until August 3, 2016.  Compl. ¶ 7.

On October 18, 2013, Defendants entered into a supervised USDOL settlement, under which their employees received full compensation for unpaid minimum wages and overtime for the period of May 28, 2011 through May 25, 2013.  With the USDOL's approval, Defendants paid Plaintiff $3,307.50 in full satisfaction of Plaintiff's wage claims to that date.  Defendants then began keeping meticulous records from that date forward.  Indeed, they required Plaintiff, and all employees, to electronically punch in and out using their fingerprints at the beginning and end of each shift, and to sign their timesheets on each pay period verifying their accuracy.  As those records reflect, Plaintiff did indeed work significant overtime hours and Defendants always compensated him for those hours at the appropriate time and one-half rate.  As those records further reflect, Defendants always paid Plaintiff at least the minimum wage for each hour worked.

Nonetheless, without making any mention of the USDOL settlement under which he received thousands of dollars, Plaintiff alleges that Defendants violated the overtime and minimum wage provisions of the FLSA, including for a period of time pre-dating the USDOL settlement. Compl. ¶ 3.  But as a threshold matter - - which Defendants did not argue to the USDOL as they did not have an attorney at the time - - Plaintiff is not entitled to overtime wages as he falls squarely within the Motor Carrier exemption.  This exemption provides that the FLSA overtime provisions "shall not apply… to any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to [49 U.S.C. §] 31502." 29 U.S.C. § 213(b); *see also Carter v. Tuttnaeur U.S.A. Co., Ltd.*, 78 F. Supp. 3d 564, 567 (E.D.N.Y. 2015).  Pursuant to 29 C.F.R. §782.2, an employee is exempt under this exemption if: (i) the employer is "within the jurisdiction of the Secretary of Transportation by virtue of operating as a motor carrier or motor private carrier, as defined by 49 U.S.C. § 31502(b)(1)" and (ii) the employee is "engaged in activities that effect the safety of operation of motor vehicles transporting property in interstate commerce." *Carter*, 78 F. Supp.3d at 568 (internal citations omitted) (citing *Dauphin v. Chestnut Ridge Transp., Inc.*, 544 F. Supp. 2d 266, 273 (S.D.N.Y. 2008); and *McGuiggan v. CPC Int'l, Inc.*, 84 F. Supp. 2d 470, 480 (S.D.N.Y. 2000)).

"As a general rule, if the bona fide duties of the job performed by the employee are in fact such that he is ( . . . a member of a group of drivers, driver's helpers, loaders, or mechanics employed by a common carrier and engaged in safety-affecting occupations that he is likely to

be) called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities of the character . . . [the employee] comes within the exemption . . . " *Osorio v. Matthews Prime Meats Inc.*, 101 F. Supp. 3d 255, 260 (E.D.N.Y. 2015). It is thus well settled that "drivers, mechanics, loaders and [driver's] helpers of" those workers have duties that "directly affect the safety of vehicle operation." *Walden v. Sanitation Salvage Corp.*, 2015 WL 1433353 at *3 (S.D.N.Y. Mar. 30, 2015) (internal citations omitted); *Williams v. Tri-State Biodiesel*, L.L.C., 2015 WL 305362, at *5 (S.D.N.Y. Jan. 23, 2015). Loaders are included as they "devote a large part of their time to activities which directly affect the safety of operation of motor vehicles in interstate or foreign commerce." *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 685 (1947). Moreover, a driver's helper whose duties include assistance with loading and unloading the vehicle is also exempt. 29 C.F.R. 782.4(a).

Here, Plaintiff worked as a truck loader, by his own admission, and/or also as a driver's helper. Compl. ¶ 19. Plaintiff's duties included loading and unloading MG Wholesale's vehicles with produce that were delivered to locations in New York, New Jersey, Connecticut and Pennsylvania. When Plaintiff arrived at the predetermined locations, he would unload the vehicle, then load the vehicle with any returned produce or empty crates. Plaintiff was thus directly involved with the safety of vehicle operations on Defendants' interstate delivery routes and is therefore exempt from the FLSA's overtime provisions. Simple discovery will prove this.

This does not end the inquiry though, as Plaintiff has also alleged minimum wage violations under the FLSA and the motor carrier exemption only applies to overtime. However, as explained, all claims pre-dating May 25, 2013 have been released pursuant to the USDOL's supervised settlement (and are all barred anyway by the statute of limitations). After that date, Defendants, who learned about recordkeeping from the USDOL, kept contemporaneous records that reflect that Plaintiff was always paid at least the minimum hourly rate for every hour worked. Plaintiff punched in and out each day and verified the accuracy of his time and wages on each payday. Again, simple discovery will establish this.

Therefore, Defendants believe that it makes sense to litigate these threshold issues before involving other people, most if not all of whom are likely exempt themselves, and for whom Defendants also have meticulously-kept record. Judge Mann, who is assigned to this case, recently took a similar approach in *Wilson et al. v. ETS Services Inc., et al.*, No. 15-CV-2994 (WFK)(RLM) (Nov. 16, 2015) Dkt. 24, in ordering that the plaintiffs delay moving for conditional certification until threshold issues of FLSA exemptions could be litigated and determined, as there was no point in inviting other potentially exempt people to join a case, or including in the notice mention of clearly unmeritorious claims. Judge Mann ordered tolling in that case so as not to prejudice any opt-ins. This Court should do the same here.

Nonetheless, if the Court allows Plaintiff to make his motion now, other than including a well-known, formulaic recitation of the appropriate standard on such a motion, Plaintiff does not provide any particulars of the evidentiary basis for his motion. While Plaintiff's letter says that Plaintiff will supply a declaration, it is silent as to what that declaration will say. Given that Defendants have detailed records for all of their workers showing that all were paid properly during the entirety of the FLSA statutory period, Defendants are at a loss for how Plaintiff could swear to facts in a federal declaration sufficient to meet his evidentiary burden. The proposed collective definition also clearly includes classes of workers, such as drivers and those others

listed above, who are undoubtedly exempt from the FLSA's overtime requirements, like Plaintiff, but whose job duties are sufficiently different from Plaintiff's so as to require independent analyses for each claim. Therefore, Defendants cannot respond to the substance of Plaintiff's proposed motion until they see Plaintiff's proposed declaration but anticipate opposing it once they do.

  We thank the Court for its time and attention to this matter.

                Respectfully submitted,

                   /s/
                Alexander T. Coleman, Esq.
                   *For the Firm*

To: All Counsel of record *via* ECF