# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

November 22, 2017

*Via Electronic Case Filing*
The Honorable Pamela K. Chen
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Chen, et al. v. MG Wholesale Distribution Inc., et al.*
            *Docket No. 16-cv-4439 (PKC)(RLM)*

Dear Judge Chen:

    We represent the Defendants, MG Wholesale Distribution Inc. ("MG Wholesale"), "Andy" Cheung, and Xiao Min Yang, (collectively as "Defendants"), in the above-captioned matter. As the Court knows, on November 14, 2017, the Court granted Defendants' Motion for Partial Summary Judgment and in doing so, dismissed Plaintiff's sole remaining federal claim with prejudice and declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (ECF No. 58). On November 15, 2017, the Clerk entered judgment against the Plaintiff and closed the case. (ECF No. 59). As mentioned in Defendants' moving papers, *see* ECF No. 52, Defendants now intend to move for sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority, to, at minimum, recover their costs and fees of having to defend against Plaintiff's entirely meritless lawsuit supported by, as the Court noted, "not a scintilla of evidence." Memorandum & Order, ECF No. 58, 9.[1]

---

[1] With respect to their motion under Rule 11, Defendants twice served Plaintiff's counsel with a notice of motion and letter containing the basis for the anticipated motions. Yet each time, Plaintiff refused to withdraw his frivolous claims within the Rule's safe harbor provision. The first time, with respect to his FLSA and NYLL overtime claims, Plaintiff only withdrew them after the twenty-one day period expired and Defendants were forced to incur expense thereafter defending against those claims before Plaintiff acknowledged their frivolity and withdrew them. And the second time, with respect to the FLSA

We now write to request a briefing schedule on the motion, and in an abundance of caution, an extension of time to move for relief pursuant to the Court's inherent power.

Pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i), a motion for attorneys' fees must be filed no later than fourteen days after the entry of judgment, or in this case, by November 29, 2017. Fed. R. Civ. P. 54(d)(2)(E), however, excludes from that rule "claims for fees and expenses as sanctions for violating these rules" - - which presumably include sanctions under Rule 11 - - or "as sanctions under 28 U.S.C. § 1927." That rule does not provide for an alternative time period to file such a motion. Moreover, both rules are silent as to sanctions motions to be made under the Court's inherent authority. As such, while we do not believe that we need an extension of time to move under Rule 11 or 28 U.S.C. § 1927, but may under the Court's inherent power, out of an abundance of caution, Defendants respectfully request that the Court extend Defendants' time to file their motion on all three grounds until December 22, 2017, and set an appropriate briefing schedule thereafter. The parties have conferred and Plaintiff consents to a briefing schedule as follows: moving papers due by December 22, 2017, opposition papers due thirty days thereafter or by January 22, 2018, and reply papers due fourteen days after that or by February 5, 2018, subject of course to the Court's approval. As Defendants are also entitled to request a Bill of Costs as the prevailing party pursuant to Fed. R. Civ. P. 54(d)(1), Defendants respectfully request that the Court allow them to submit their Bill of Costs at that time also.

We thank the Court for its time and consideration.

Respectfully submitted,

/s/ Dong Phuong V. Nguyen
Dong Phuong V. Nguyen, Esq.
*For the Firm*

C: Counsel for Plaintiff *via* ECF

---

minimum wage claims, Plaintiff failed to ever withdraw them despite not having a shred of factual support for them, and thereby forced Defendants to brief their summary judgment motion to obtain their dismissal.