UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
YU SEN CHEN, individually and on behalf of
all employees similarly situated,

                              Plaintiffs,

        -against-                                          **MEMORANDUM & ORDER**
                                                           16-CV-4439 (PKC) (RLM)

MG WHOLESALE DISTRIBUTION INC.,
"ANDY" CHEUNG, and XIAO MIN YANG,

                              Defendants.
---------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

        Before the Court are the parties' cross-motions for sanctions (Dkts. 71, 73) and Plaintiff's

motion for reconsideration of costs taxed (Dkt. 79). For the reasons stated herein, Defendants'

motion for sanctions is granted in part and denied in part, Plaintiff's motion for sanctions is denied,

and Plaintiff's motion for reconsideration is granted.

    **A. Sanctions**

        Defendants move for sanctions against Plaintiff and his attorney pursuant to 28 U.S.C. §

1927, the Court's inherent authority, and Federal Rule of Civil Procedure 11(b)(3) ("Rule 11").

(Dkt. 72.) Plaintiff cross-moves for sanctions pursuant to the Court's inherent authority. (Dkt.

73.) The Court finds that neither party has demonstrated "a clear showing of bad faith on the part

of an attorney" or a party to warrant sanctions under the Court's inherent authority or 28 U.S.C. §

1927. *See Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) ("In order

to impose sanctions pursuant to its inherent power [or Section 1927], a district court must find that:

(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith,

*i.e.*, motivated by improper purposes such as harassment or delay.").

In the alternative, Defendants move for sanctions against Plaintiff's counsel pursuant to Rule 11 because, *inter alia*, "Plaintiff and Plaintiff's Counsel lacked any evidentiary support for [Plaintiff's] FLSA minimum wage claim when they filed the Complaint." (Dkt. 72, at 25.) "Under Rule 11, a court may sanction an attorney for, among other things, . . . making frivolous legal arguments." *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013). "When sanctions are sought by a party on motion, Rule 11 violations 'require only a showing of objective unreasonableness on the part of the attorney or client signing the papers'" and do not require a showing of bad faith. *Braun ex rel. Advanced Battery Techs., Inc. v. Zhiguo Fu*, 11-CV-4383(CM)(DF), 2015 WL 4389893, at *12 (S.D.N.Y. July 10, 2015) (quoting *ATSI Communications, Inc., v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009)) (alterations omitted). "'[W]hen divining the point at which an argument turns from merely losing to losing and sanctionable[,] . . . courts resolve all doubts in favor of the signer' of the pleading." *Umar Oriental Rugs, Inc. v. Carlson & Carlson, Inc.*, 757 F. Supp. 2d 218, 228 (E.D.N.Y. 2010) (quoting *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993)) (emphasis omitted).

Plaintiff's counsel argues that they had a "reasonable basis" for Plaintiff's claim that he was paid below minimum wage in violation of the Fair Labor Standards Act (the "FLSA"). (Dkt. 74, at 19-20.) However, in their brief in opposition to sanctions, Plaintiff's counsel admits, "based on information that was provided by Plaintiff prior to the case being filed, Plaintiff would have an effective hourly rate that varied from $5.98 *to $8.33*" during the relevant period. (*Id.* at 19 (emphasis added).) It is undisputed that the federal minimum wage for the period in question was $7.25 per hour. (*Id.* at 19); 29 U.S.C. § 206(a)(1)(C). Therefore, any week in which Plaintiff received an hourly wage above $7.25 was, as a matter of law, not a violation of the FLSA. It was counsel's obligation "under Rule 11 to withdraw the Complaint [or portions of the Complaint]

because they knew—by [the filing date] if not earlier—that [some of] their allegations on the central (and dispositive) issue in the case were 'utterly lacking in support.'" *Galin v. Hamada*, 283 F. Supp. 3d 189, 203 (S.D.N.Y. 2017) (quoting *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014)) (collecting cases). Counsel's argument that they had a "reasonable basis for believing that there was an FLSA violation" because Plaintiff asserted that his hourly wage was "below the federal minimum for at least part of the relevant period" is no excuse for alleging a FLSA minimum wage violation for time periods in which Plaintiff admitted that he was paid above the minimum wage. (Dkt. 74, at 19-20.)

Defendants' Rule 11 motion seeks $23,786.04 in attorneys' fees and costs. (Dkt. 72, at 28.) However, "[t]he case law under Rule 11 also reflects the exercise of [judicial] discretion to award only that portion of a defendant's attorney's fee thought reasonable to serve the sanctioning purpose of the Rule." *Eastway Const. Corp. v. City of New York*, 821 F.2d 121, 123 (2d Cir. 1987); *On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 F. App'x 448, 452 (2d Cir. 2009). In the circumstances of this case and considering the sanction "necessary to sufficiently deter similar conduct in the future", the Court finds that a sanction in the amount of $3,100 is appropriate. *Manti's Transp. v. Kenner*, No. 13-CV-6546 (SJF)(AYS), 2015 WL 1915004, at *14 (E.D.N.Y. Apr. 27, 2015).

## B. Motion for Reconsideration

Plaintiff also asks the Court to reconsider its decision taxing costs against Plaintiff in the amount of $3,141.01 pursuant to Fed. R. Civ. P. 54.1(c)(2). (Dkt. 79-1.) Pursuant to Local Rule 54.1(b), "[a] party objecting to any cost item shall serve objections in writing *prior* to or at the time for taxation." E.D.N.Y. R. 54.1(b) (emphasis added). Plaintiff failed to object prior to taxation. In the height of irony, Plaintiff's counsel excuses Plaintiff's failure to timely file by

conceding that, "to be entirely frank, . . . the undersigned . . . [was] unaware of the additional requirements of Local Rule 54.1(b)." (Dkt. 80, at 3.) This excuse is without merit. Thus, the Court finds that Plaintiff defaulted under Local Rule 54. *See Dejesus v. Starr Tech. Risks Agency, Inc.*, No. 03-CV-1298 (RJH), 2005 WL 957389, at *1 (S.D.N.Y. Apr. 25, 2005). However, "Rule 54(d)(1) of the Federal Rules of Civil Procedure provides for post taxation relief by allowing that, '[o]n motion served within 5 days [after taxation by the clerk], the action of the clerk may be reviewed by the court.'" *Id.* (quoting Fed. R. Civ. P. 54(d)(1)). Plaintiff did comply with this rule in a timely fashion. (*See* Dkt. 67.) Therefore, the Court will consider the merits of his claim.

Plaintiff argues that the Court should reduce or eliminate the award of costs in light of his limited financial means and that the disparity in resources between himself and Defendants should counsel against awarding costs. With respect to the second argument, "this Court joins many other courts in rejecting plaintiff's argument that the disparity in wealth between himself and the defendant militates against an award of costs." *Dejesus*, 2005 WL 957389, at *2. However, the Court does find that Plaintiff's indigency is an appropriate ground on which to reconsider the taxation of costs. "[A]lthough a district court may deny costs based on financial hardship, indigency *per se* does not preclude an award of costs against an unsuccessful litigant. Rather, the party asserting a lack of funds must demonstrate his indigency." *Id.* (citation omitted); *see also Graber v. United States*, No. 01-CV-1269 (JSR), 2003 WL 22743085, at *1 (S.D.N.Y. Nov. 20, 2003) ("[S]ome courts within this Circuit have indicated that outright indigency may be a proper ground for denying costs in certain cases."). Plaintiff has provided documentation of his indigency and demonstrated that he cannot pay the award of costs without leaving him penniless, particularly as he is currently unemployed. (*See* Dkt. 79-4.) Defendants are, somewhat understandably, unmoved by Plaintiff's financial predicament as "Plaintiff and/or his counsel voluntarily chose to

bring this entirely meritless federal action that was found to be not supported by even a scintilla of evidence, forcing Defendants to aggressively defend themselves." (Dkt. 81, at 7.) While the Court agrees with Defendants that Plaintiff's counsel's performance in this case has been deficient— even in the timely filing of this objection to costs—and that Plaintiff's claims were ultimately determined to be without merit, the Court is reluctant to make an indigent Plaintiff bear the cost of counsel's incompetence. Therefore, the Court grants Plaintiff's motion for reconsideration.

## CONCLUSION

Defendants' motion for sanctions is granted in part and denied in part. Plaintiff's counsel is directed to pay the sum of $3,100 to Borrelli & Associates PLLC within thirty (30) days of the date of entry of this Order. Plaintiff's cross-motion for sanctions is denied. Plaintiff's motion for reconsideration is granted.

Plaintiff's counsel is directed to have this Order translated into Mandarin and provided to Plaintiff. Counsel shall confirm in writing that they have mailed a copy of this Order to Plaintiff.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 4, 2018
      Brooklyn, New York